UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 3:07-CR-44 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| LUKE A. MCLAUGHLIN | ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on October 17, 2007, a Second Superseding Indictment was filed in the above-referenced case charging Defendant, LUKE A. MCLAUGHLIN with, in Count One, conspiracy to distribute in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and in Count Two, with money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h).

WHEREAS, in the Forfeiture Allegations of the Second Superseding Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, LUKE A. MCLAUGHLIN pursuant to Title 21 U.S.C. § 853, in the property described below which constitutes, or was derived from, proceeds obtained, directly or indirectly, as a result of said conspiracy in the Second Superseding Indictment or was property used in any manner or part, to commit, or to facilitate the commission of the said conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and pursuant to 18 U.S.C. § 982(a)(1), in any property involved in the

violation of 18 U.S.C. §§ 1956(a)(1)(A)(i),(a)(1)(B)(i) and (h), and any and all property traceable thereto:

**Firearms**

 a. Mossburg 500A, 12-gauge shotgun, Serial Number R655996, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007;

 b. Remington 121 .22LR, Serial Number 35260, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007;

 c. Winchester 1300 20-gauge, Serial Number L3091874, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007; and

 d. Glock 23 .40-caliber pistol, Serial Number KCE028, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007.

AND WHEREAS, on December 5, 2007, this Court accepted the guilty plea of the Defendant, LUKE A. MCLAUGHLIN, and by virtue of said guilty plea and conviction, the Court has determined that the property identified above is subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of Defendant, LUKE A. MCLAUGHLIN, under 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 1956(h), the United States is hereby authorized to seize the following property and

the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1):

**Firearms**

a. Mossburg 500A, 12-gauge shotgun, Serial Number R655996, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007;

b. Remington 121 .22LR, Serial Number 35260, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007;

c. Winchester 1300 20-gauge, Serial Number L3091874, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007; and

d. Glock 23 .40-caliber pistol, Serial Number KCE028, seized from Luke McLaughlin at 3002 East 19th Street, Tucson, Arizona, on May 16, 2007.

2. That the aforementioned property is to be held by the Drug Enforcement Administration in their secure custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b), the Drug Enforcement Administration forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Drug Enforcement Administration's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b), in which all interests will be addressed.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the Drug Enforcement Administration and to the United States Attorney's Office.

ENTER:

*Thomas W. Phillips*
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

By: /s/ Hugh B. Ward, Jr.
HUGH B. WARD, JR.
Assistant United States Attorney

/s/ Hugh B. Ward, Jr. for
THOMAS FERRARO
Assistant United States Attorney
District of Arizona

/s/ Luke A. McLaughlin
LUKE A. MCLAUGHLIN
Defendant

/s/ Stephen A. Burroughs
STEPHEN A. BURROUGHS
Attorney for Defendant